## NULOMOLINE CO. v. STROMEYER.

(District Court, E. D. Pennsylvania. March 17, 1917.)

No. 1669

1. INJUNCTION ⬡151—INTERLOCUTORY INJUNCTION—RIGHT TO RELIEF.

On a motion for an interlocutory injunction, the question is not what relief plaintiff may be able to prove itself entitled to after final hearing, but what relief it is then entitled to in order to make the anticipated relief effective.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 336.]

2. INJUNCTION ⬡137(1)—INTERLOCUTORY INJUNCTION—TRADE SECRETS.

In a suit to restrain a rival manufacturer from making use of plaintiff's secret processes communicated by a discharged manager, where there was a substantial controversy as to whether defendant was using any secret process, and it appeared that the manager had already divulged such secrets as he knew, so that the only relief was compensation for past injury, for which defendant was amply responsible financially, and prevention of further use of the secrets, while an injunction would result in great injury to defendant, an interlocutory injunction will not be granted.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 307.]

In Equity. Suit by the Nulomoline Company against Julius Stromeyer. On motion for preliminary injunction. Motion denied.

Leo Levy, of New York City, and Chester N. Farr, Jr., of Philadelphia, Pa., for plaintiff.

Michael J. Ryan and Reber & Granger, all of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. [1] As this is a motion for an interlocutory decree, the question before us is not to what relief the plaintiff may be able to prove it is entitled after final hearing, but to what it is now entitled in order to make this anticipated relief effective. We are in consequence confronted, not with the situation of the parties as it will be shown to be when the facts are fully developed, but with the situation as it now is.

[2] From the moving and answering affidavits, and the admissions made at the argument, we have this situation appearing: Maxwell Tausig was in the employ of the plaintiff as the manager of one of its departments. To him as such manager was imparted certain con-

fidential information. This included a knowledge of the customers of the plaintiff and of its processes of manufacture. The manager left the employ of plaintiffs, following a discharge. He was accused by the plaintiff of making improper and unfair use of the confidential information he had secured, and with making away with the property of the plaintiff by using and selling to others to be used the secret processes of manufacture belonging to plaintiff. This conduct of the former manager was not only a violation of the obligations he had assumed in his trust relations with the plaintiff, but was also a violation of the contractual obligations he had entered into, because he was divulging secrets which he had agreed not to divulge. These accusations against Tausig were voiced in a bill in equity against him, and the defendant was enjoined by decree of the Supreme Court of New York from a continuance of the acts of which plaintiff had complained. The cause is still pending on appeal to the Court of Appeals from the decree entered. The accusation against this defendant is that he has conspired with Tausig to have done for the defendant's benefit the very things within this district which Tausig has been enjoined from doing by the New York court. The present bill was filed, and we are asked to enjoin, before the facts are determined, the present defendant. The logic of the bill is that the defendant should be enjoined from conspiring with Tausig to have done by Tausig for the defendant's benefit the things which Tausig has been enjoined from doing.

An answer has been filed, full and responsive, denying all the pertinent averments of the bill. It meets the averment of the appropriation of the property of the plaintiff by the opposing averment that the plaintiff has no secret processes, and in consequence no property right in any process, and that if it had processes which it has used the defendant has not appropriated them. On the contrary, the averment of the answer is that the plaintiff and defendant have each for years been engaged in the manufacture of inverted sugars; that there is neither mystery nor secrecy in such manufacture; that the processes by which the product is turned out are well known to chemists and to those concerned with either the manufacture or the trade in such products, and that the relations between the defendant and Tausig are simply those between a manufacturer and a broker, and that Tausig is doing nothing for the defendant more than making the effort to sell for the defendant his make of product made by his processes and not those of the plaintiff. The averments of the answer are fully supported by the answering affidavits.

The real issue raised by the reply affidavits is the truth of the averments of the answer. The real complaint of the plaintiff is this: We have a process which is ours. We have customers who have been supplied for years with our product. They are satisfied with what we have supplied them, and will accept no others. Other manufacturers, including this defendant, who are our competitors, are not able to sell to these customers any make of product except ours. Some of these customers take one kind of our product; others take a different kind. The injury done us is this: Tausig knows our trade, knows the

special product which we supply to each customer, and knows the process by which we make each kind of product—our trade secrets. Defendant and Tausig have entered into a conspiracy to our hurt, in furtherance of which Tausig is to give to defendant the name of our customer, inform the defendant just what special kind of product the customer has been getting from us, tell the defendant how to make it, by informing him how we make it, so that the defendant can thus imitate our product and Tausig sell it to our customer. The things they have thus conspired to do they are now engaged in doing. Such form of competition, dependent upon such methods, is unfair and inequitable, and we ask to be protected by injunction. We know the defendant denies this, and we admit that, if he has not changed his make of product and gone over to our make, we have no legal ground of complaint; but we show the court by the correspondence between the defendant and Tausig the plain admission by both of them that this is what they are doing in the face of the denial.

The rejoinder is that the defendant has no concern with the litigation between Tausig and the plaintiff. The merits of that will be determined when a final adjudication is reached. Defendant was making his product years before he knew of Tausig. He was not to be told by Tausig how to make invert sugar. Whatever Tausig told him about the best processes he already knew. It made no change either in his processes or product, and he continued to sell what he had before been selling. The correspondence referred to was voluntarily disclosed by the defendant, because he had nothing to hide. Full and free opportunity was given the plaintiff to go over the defendant's plant, examine his formulæ and records and all his methods of manufacture, because all such formulæ and methods were already well known to the trade, and there were no trade secrets in the business to be protected. It will thus be seen that the right which plaintiff invokes turns upon a question of fact, which is not only in controversy, but is the subject of substantial dispute, and far from being merely colorable. The defendant's side of the controversy is supported by the testimony of witnesses who are at least apparently disinterested. He is also at least apparently abundantly responsible, and answerable to any decree the plaintiff may secure. The judgment of any one upon this essential fact is bound to be held in abeyance until a full hearing can be had upon it.

The question before us is whether the finding, which will after final hearing be made, should now be forecasted or anticipated. It is not unlike the somewhat analogous question which is presented to a court when it is to be determined whether a litigant is of right entitled to summary or plenary process. A contrast of the relative danger of doing harm by granting or withholding the preliminary relief asked for is invited. As against a responsible defendant, the plaintiff would seem to have ample protection in the relief which can be granted on final decree. To interfere now with the business of the defendant by a decree which may turn out to be unwarranted would do him an injury for which the court could on final decree give him no adequate redress. On the plaintiff's own showing there is no disclosure

of real or alleged trade secrets, which are likely to be made, which have not already been made, and no injury to plaintiff which cannot as well be redressed after final hearing as now. The complaint is essentially of harm done. That which belongs to the future would increase only the amount of the money award, which the plaintiff will secure if one is awarded. If this view of the situation should alter, the remedy is open to the plaintiff to apply at any time for a restraining order, should the exigency arise.

The present motion for a preliminary injunction is denied. We follow the accepted rule in neither expressing nor reaching a conclusion upon the facts in dispute. There is further no conflict between the conclusion now reached and the findings of the New York court. The issue there was between the plaintiff and Tausig, and it was there adjudicated that Tausig was disclosing trade secrets. The issue here is between the plaintiff and the present defendant. The essential fact in issue is whether the defendant is using the private processes of the plaintiff. Proof that Tausig disclosed them is no proof that defendant used them, and if defendant has made no change in his product he has done no legal injury by such manufacture to the plaintiff, even if it be true the products are identical.